State v. Perry

STATE OF NORTH CAROLINA v. DANIEL L. PERRY

No. 819SC276

(Filed 3 November 1981)

**1. Criminal Law § 73— hearsay testimony**

   An officer's testimony that defendant's wife told him that defendant had told her that "he had beat up Ben Fish and had chased him into the intersection at Harris Crossroads and killed him" constituted inadmissible hearsay.

**2. Homicide § 21.9— voluntary manslaughter—sufficiency of evidence**

   The State's evidence was sufficient for the jury on issues of defendant's guilt of three charges of involuntary manslaughter where it tended to show that defendant had threatened to kill one victim; defendant beat up such victim and began chasing him; and while a vehicle operated by such victim was being chased by a vehicle occupied by defendant at a high rate of speed, it ran a stop sign at an intersection and struck a vehicle occupied by the other two victims; and all three victims were killed in the collision.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 8 October 1980 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 16 September 1981.

The defendant was charged in three bills of indictment with murder. From a verdict of guilty of involuntary manslaughter on all three counts and a sentence of seven years imprisonment for each count, the sentences to run consecutively, the defendant appeals.

On the morning of 13 October 1979, there was a collision in an intersection between a vehicle being operated on S.R. 1100 by Ben Fish and a vehicle occupied by Harry and Karen Crowder travelling south on U.S. Highway 401. The State's evidence tended to show that the vehicle being operated by Ben Fish approached the intersection at a high rate of speed and did not stop at the posted stop sign. Further evidence indicated that immediately prior to the collision the defendant, Dan Perry, was observed operating his vehicle immediately behind the vehicle operated by Ben Fish and was also travelling at a high rate of speed. Immediately following the collision, the vehicle operated by the defendant turned around and proceeded back toward Youngsville. As a result of the collision, Ben Fish, Harry Crowder and Karen Crowder died.

Approximately two and one-half hours later, two officers of the State Highway Patrol were flagged down by a service station operator. The wife of the defendant, Marie Perry, was at the station bleeding from injuries that she alleged were inflicted by her husband. Marie Perry told the officers that the defendant had told her that "he had beat up Ben Fish and had chased him into the intersection at Harris Crossroads and killed him."

The State also presented evidence that the wife, in the presence of her sister and the defendant, accused the defendant of killing Ben Fish, and that usually he did not deny the accusation. Another State's witness testified that twelve days prior to the fatal collision, the defendant had called him and told him that Ben Fish had stolen his bicycle and was "shacking" with his wife and that if Ben Fish came back into his yard, he would kill him.

The defendant presented no evidence.

After the collision but before warrants were issued in this case, the defendant was convicted of the voluntary manslaughter of his wife.

*Attorney General Edmisten by Assistant Attorney General Robert G. Webb for the State.*

*Earle R. Purser and Becky Matthews for the defendant-appellant.*

MARTIN (Robert M.), Judge.

[1] The defendant assigns as error the refusal of the trial court to suppress Officer Roberts' testimony as to what Marie Perry had told him. We agree with the defendant that this testimony was hearsay, and did not fall within any of the recognized exceptions to the hearsay rule.

Whenever the assertion of any person, other than that of the witness himself in his present testimony, is offered to prove the truth of the matter asserted, the assertion so offered is hearsay. 1 Stansbury's N.C. Evidence § 138 (Brandis Rev. 1973). Marie Perry told Officer Roberts that Daniel Perry had told her that "he had beat up Ben Fish and had run him into an intersection and killed him." There are two out-of-court statements here, the one by Daniel Perry to his wife, and the one by his wife to Officer

Roberts. Because both out-of-court statements are offered for the truth of the matter, that is to prove that the defendant killed Ben Fish, this is a double hearsay situation. Each statement, therefore, must fall within an exception to the hearsay rule in order to be admissible. *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971), *cert. denied* 414 U.S. 874 (1973).

Regardless of whether the admission by Daniel Perry to his wife would be admissible if offered by Marie Perry, in light of *State v. Freeman*, 302 N.C. 591, 276 S.E. 2d 450 (1981), Officer Roberts cannot testify as to what Marie Perry told him. That statement depends completely on the competency and credibility of Marie Perry. She is not available to testify and her out-of-court statement to Officer Roberts does not fall within any exception to the hearsay rule. It was prejudicial error to admit the testimony of Officer Roberts.

[2] The defendant's remaining assignment of error concerns the trial court's denial of the defendant's motion to dismiss at the close of the State's evidence and again at the close of all the evidence. A motion of nonsuit in a criminal action requires consideration of the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975). All of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is considered by the Court in ruling upon the motion. *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679 (1967). Considering all the evidence in this case, including the improperly admitted hearsay evidence, the State offered substantial evidence to support a finding that the offense charged had been committed and that the defendant committed it, so that a case for the jury was made and nonsuit was properly denied. *State v. Cook*, 273 N.C. 377, 160 S.E. 2d 49 (1968).

Because of the prejudicial error caused by the trial court's erroneous admission of the hearsay testimony offered by Officer Roberts, the defendant is entitled to a new trial on the charges of involuntary manslaughter.

New trial.

Judges MARTIN (Harry C.) and BECTON concur.